IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Darlene Schmidt,<br><br>      Plaintiff,<br>v.<br><br>Supreme Ct. Ethics Committee,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:21-cv-376 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

  This matter is before the court on pro se Plaintiff Darlene Schmidt's Motion for Summary Judgment. (ECF No. 9.) The court must construe the filing liberally because Plaintiff is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even under this liberal standard, however, Plaintiff's motion utterly fails to comply with the Local Rules and is premature. The court therefore denies the motion.

  Plaintiff moves for summary judgment on two issues as set forth in her motion. (ECF No. 9.) Plaintiff's motion completely fails to comply with Local Rule 56-1, which states that a motion for summary judgment must include a "concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law." DUCivR 65-1. Plaintiff simply references a Utah State court case from 1982, a Social Security Administration's notice of an award, and asserts the Utah probate court is "ordered to call an audit." (ECF No. 9. p. 1)

  In addition, Plaintiff's motion is premature. This case is new, having been filed in June 2021, and Defendants have not yet been served with a copy of the Complaint, or had the opportunity to file an Answer. As such, moving for summary judgment is entirely inappropriate at this stage of the case.

For these reasons, it is hereby ORDERED that Plaintiff's motion is DENIED WITHOUT PREJUDICE. Plaintiff is FURTHER ORDERED to follow the applicable rule(s) in filing any future motion for summary judgment. "The pro se Plaintiff is … cautioned that should a future motion for summary judgment be filed prematurely and yet denied on the merits, such may preclude Plaintiff, based on the law of the case, from filing a similar or subsequent motion." *Robinson v. TransUnion,* No. 1:17-CV-01422-LTB, 2017 WL 6945042, at *1 (D. Colo. Sept. 21, 2017).

IT IS SO ORDERED.

DATED this 26 July 2021.

_____
Dustin B. Pead
United States Magistrate Judge