IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Darlene Schmidt,<br><br>                Plaintiff,<br>v.<br><br>Ethics and Discipline of the UT Sup Ct, et al.,<br><br>                Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:21-cv-376 DBB DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

    Pro se Plaintiff Darlene Schmidt proceeds *in forma pauperis*, *see* 28 U.S.C. § 1915 (2019), in this *pro se* civil rights suit. *See* 42 U.S.C. § 1983.[1] The court granted Plaintiff leave to proceed *in forma paurperis* and waived the prepayment of filing fees under § 1915. (ECF No. 6.) Plaintiff argues her constitutional rights, privileges or immunity have been violated by an individual who "stole my common law husbands will/trust" and "forged the trust" for others. Complaint p. 5 (emphasis omitted). Defendants have moved to dismiss this matter. (ECF No. 24, 25, 26, 28.) To date, Plaintiff has failed to file a response to the respective motions to dismiss and the time to do so has passed. A "failure to respond timely to a motion may result in the court granting the motion without further notice." DUCivR 7-1(f). On August 30, 2022, the court entered an Order to Show Cause ordering Plaintiff to show cause "why the respective motions should not be granted, and this matter dismissed." (ECF No. 30.) Plaintiff has failed to respond.

    In addition, under 28 U.S.C. § 1915, the court is to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B) (2019). The undersigned recommends this matter be dismissed.

---

[1] This matter is referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B).

**BACKGROUND**

Plaintiff alleges "Christine T Greenwood decided if Penniann Schumann committed theft and forgery of the stolen will/trust of my common law husband to invent imaginary heirs, (Kimberly J Saul, Matt Saul, Son of Kimberly J Saul, Ryan Saul, Son of Kimberly J Saul, Caleb Boswroth, and Audrey Bosworth)." (ECF No. 7 p. 1.) Apparently, according to Plaintiff, Greenwood never read her complaint, or she would have known the will/trust was stolen and forged. Ms. Greenwood is currently working as the Chair of the Ethics and Discipline Committee of the Utah Supreme Court.

Plaintiff further alleges Penniann Schumann, who is an officer of the probate court had a "duty to grow up and obey the law of the trust/will, recognize [Plaintiff's] common law marriage instead of fraudulently re-litigating it." (ECF No. 7 p. 2.) Plaintiff also names a number of other individuals who work for the Utah bar, Judges such as Judge Kelly of the Third District in Salt Lake City, Utah, and Judge Faust who held a hearing on Plaintiff's claims, and a teacher who "pretended she was married to John."

Plaintiff avers that one or more of the Defendants stole her common law husband's will/trust and forged new heirs in it. Plaintiff's common law marriage was not dissolved, and she was supposed to receive benefits via the will, and the 'financial help" from his estate. Along with violating her constitutional rights, the Complaint alleges the Defendants engaged in a conspiracy to interfere with Plaintiff's civil rights under 42 U.S.C. § 1985.

Defendants move to dismiss the Complaint under several theories that all result in dismissal – failure to state a claim under Fed. R. Civ. P. 12(b)(6), *sua sponte* dismissal because the matter is frivolous or malicious, judicial or sovereign immunity that bars Plaintiff's claims, and a lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

## LEGAL STANDARDS

The court will dismiss claims in a complaint filed *in forma pauperis* that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B) (2019). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency, the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

> Pertaining to Fed. R. Civ. P. 12(b)(6) this court recently explained:
>
> To avoid dismissal under this rule, a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). In reviewing a motion to dismiss, the court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Twombly*, 550 U.S. at 555).
>
> Because Plaintiffs proceed pro se, their filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

*Jenkins v. Haaland*, Case No. 2:21-cv-00385, 2022 WL 1913918 (D. Utah April 28, 2022) (adopted by Judge Shelby, 2022 WL 1912245 (D. Utah June 3, 2022)).

Section 42 U.S.C. § 1988 prohibits monetary damages against a judge in a Section 1983 action: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction." It is well established, that a "judge acting in her judicial capacity is absolutely immune from civil rights claims 'unless the judge acts clearly without any colorable claim of jurisdiction.'" *Phan v. Volz*, 2022 WL 303321 (quoting *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990)). Additionally, "courts have extended absolute immunity to other officials . . . 'who perform functions closely associated with the judicial process.'" *Id*. (quoting *Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Tr.*, 744 F.3d 623, 630 (10th Cir. 2014)).

Finally, Fed. R. Civ. P. 12(b)(1) provides that a court may dismiss a case for lack of subject matter jurisdiction, and "an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court." *Ruiz v. McDonnell,* 299 F.3d 1173, 1180 (10th Cir. 2002).

## DISCUSSION

The court has reviewed Defendants' respective motions to dismiss and finds them well taken. Plaintiff has failed to file a response to these motions despite being given additional time to do so. Moreover, under an independent review pursuant to 28 U.S.C. § 1915, the court finds Plaintiff's Complaint fails to state a claim upon which relief may be granted. Bringing unsubstantiated allegations surrounding a will or trust in Federal Court, following disposition of the matter in state court, is improper and a waste of judicial resources. Even under the liberal pleading standard offered to Plaintiff, the court fails to find any basis to allow this matter to

move forward. In short, there are multiple failures with Plaintiff's Complaint as identified by Defendants and allowing an opportunity to amend on the facts before the court would be futile.

## RECOMMENDATION

Accordingly, for the reasoning set forth in Defendants' motions, and in the alternative pursuant to 28 U.S.C. § 1915, the undersigned recommends this matter be dismissed.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 24 October 2022.

_____
Dustin B. Pead
United States Magistrate Judge